IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CMR D.N. CORP. AND | : | |
| MARINA TOWERS LTD. T/A | : | |
| WATERFRONT RENAISSANCE | : | |
| ASSOCIATES LLP, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-1045 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                    **August 28, 2008**

Before me is the motion to dismiss of defendant, City of Philadelphia ("City"), challenging plaintiff Waterfront Renaissance Associates' ("WRA") state law claims of estoppel (Count Three), detrimental reliance (Count Four) and unjust enrichment (Count Eight). Based on the following, I will deny the City's motion.

II.     **BACKGROUND**[1]

The factual background of this case being known to the parties, I will not reproduce the full account here, but incorporate the description set forth in the March 31, 2008 Memorandum addressing, inter alia, defendant's motion to dismiss plaintiff's constitutional claims. See Waterfront Renaissance Assocs. v. City of Philadelphia, Civ. A. No. 07-1045, 2008 U.S. Dist. LEXIS 25868, at *4-17 (E.D. Pa. Mar. 31, 2008).

---

[1] I have accepted as true all factual allegations of the Complaint.

**III.    MOTION TO DISMISS STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor.  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).

A complaint should not be dismissed on a 12(b)(6) motion if the claim is adequately stated and if the factual allegations raise a right to relief "above the speculative level."  Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1965 (2007).  "A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely."  Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (internal quotations omitted).  However, "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element."  Id.  To state a claim, Federal Rule of Civil Procedure 8(a)(1) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief."  Phillips v. County of

2

Allegheny, et al., 515 F.3d 224, 234 (3d Cir. 2008). A formulaic recitation of the elements of a cause of action will not suffice. "[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. The issue, therefore, is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer further evidence to support its claims. Scheuer, 416 U.S. at 236; see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In a 12(b)(6) motion, courts generally consider the allegations contained in the complaint, exhibits attached to the complaint, and public records of which the court may take judicial notice. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**III.   DISCUSSION**

A.     Counts Three and Four: Promissory Estoppel

The plaintiff has disclaimed any intention of raising a claim of zoning estoppel in Count III, and seeks to proceed on a theory of promissory estoppel as to both Counts III and IV. (See Opp'n Br., Document #66, at 6.) The essential difference between these counts, then, is the relief sought: Count III includes a demand for "permanent injunctive relief enjoining the Defendants . . . from enforcing the Overlay extension against WRA"; Count IV seeks redress through monetary relief based on a detrimental reliance theory. Both claims are premised on the cause of action for "promissory estoppel" articulated in Restatement (Second) of Contracts § 90 and adopted by the Pennsylvania Supreme Count.

3

See Lobolito, Inc. v. N. Pocono Sch. Dist., 755 A.2d 1287, 1293 (Pa. 2000) (quoting Restatement (Second) of Contracts § 90); Kreutzer v. Monterey County Herald Co., 747 A.2d 358, 361-62 (Pa. 2000).

"The doctrine of promissory estoppel allows a party, under certain circumstances, to enforce a promise even though that promise is not supported by consideration." Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. Super. Ct. 1997). In order to state a claim for promissory estoppel in Pennsylvania a plaintiff must allege the following: "1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise." Crouse v. Cyclops Industries, 745 A.2d 606, 610 (Pa. 2000). Under Pennsylvania law, plaintiff need not allege the exact, express "promise" in order to state a cause of action for promissory estoppel. See, e.g., Cornell Companies, Inc. v. Borough of New Morgan, 512 F. Supp. 2d 238, 266 (E.D. Pa. 2007); Straup v. Time Herald, 423 A.2d 713, 720 (Pa. Super. 1980) (describing promissory estoppel as "a flexible doctrine, to be applied . . . as the equities between the parties preponderate").

Plaintiff states an adequate claim of promissory estoppel in Counts III and IV.[2]

---

[2] Despite "respectful" assertions to the contrary by defendant in its Reply, in this second round of briefing on 12(b)(6) motions, I am guided by the Twombly decision, as well as the Third Circuit's interpretation thereof in Phillips. Indeed it is the emphasis placed by both courts on the language of Rule 8 that informs my reading of the Complaint. See Phillips, 515 F.3d at

The Complaint alleges that the City, over a period of almost 20 years, encouraged, fostered and supported WRA's Project, including brokering the Zoning Covenant, re-zoning the Site to C-4 without height restrictions, applying to the Commonwealth alongside WRA to include the Site in a KOZ, and promoting a public/private partnership between WRA and DRPA.  (See Compl. ¶ 174.)  WRA further alleges that it incurred substantial expenses in reliance on the City's representations, actions that were well known to and often in conjunction with the City, in an effort to advance development of the Site.  WRA claims it has "expended millions of dollars in reliance on the City Defendant's continuous support of the Project."  (Id. ¶ 176.)

The City's extensive involvement in the Project, for such a long period of time, permits an inference of reasonable reliance on the alleged representations for the purposes of stating a promissory estoppel claim.  Plaintiff clearly establishes actions taken in reliance on the City's alleged representations.  The exponential loss incurred in reliance,

---

234 ("Rule 8(a) has it right.")  Twombly does not sound the death knell for notice pleading standards, as defendant would have it.  Defendant asks the Court to dismiss Count III (or Count IV) because both counts state a cause of action for promissory estoppel.  This is not a tenable position in light of Rule 8(e)(2), which sanctions pleading in the alternative, see, e.g., Cornell Cos, 512 F. Supp. 2d at 265-66, and particularly given the gravamen of notice pleading, even after Twombly: that the defendant be given *fair notice* of the claims alleged.  See Twombly, 127 S.Ct. at 1964.  Plaintiff has determined to pursue its demand for relief on a promissory estoppel theory under two separate counts, which allege the predicate facts for seeking different remedies.  Twombly is no bar to permitting further litigation based on the form of the Complaint alone, so long as WRA has made an adequate factual showing that it is entitled to relief, be it equitable or monetary.  But see  Robinson v. Holiday Universal, Inc., 2006 U.S. Dist. LEXIS 65082, *8 (E.D. Pa. Sept. 11, 2006) ("Although for the time-being Plaintiffs may maintain their actions for unjust enrichment and breach of contract, they may not recover under both theories, even if they ultimately prevail in their proofs.")

as well as the fact that WRA is currently unable to proceed with the Project altogether, suggests that an injustice has occurred, sufficient to plead the third element of a promissory estoppel claim. I will therefore deny the City's motion with respect to Counts III and IV.

B.     Count Eight: Unjust Enrichment

Under Pennsylvania law, a claim of unjust enrichment must allege the following elements: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. Com. ex. rel. Pappert v. TAP Pharm. Prods., Inc., 885 A.2d 1127 (Pa. Commw. 2005). See also Torchia v. Torchia, 499 A.2d 581, 582 (Pa. Super. 1985) ("[T]o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain.") (internal quotation omitted). "The polestar of the unjust enrichment inquiry is whether the defendant has been *unjustly* enriched; the intent of the parties is irrelevant." Limbach v. City of Philadelphia, 905 A.2d 567, 577 (Pa. Commw. 2006).

Accepting the facts of the Complaint as true, I am satisfied that WRA has adequately plead a claim of unjust enrichment, and I will therefore deny the City's motion with respect to this claim. WRA claims in Count Eight that: (1) WRA bore the expense

and effort of applying for and obtaining the KOZ and the City paid nothing; (2) the City would not otherwise have obtained KOZ status; (3) the City received a major economic benefit because KOZ status made the City Property many times more valuable; (4) the City knew that WRA expected their continued support for the Project in return for WRA's efforts to secure a KOZ, but instead acted to deprive WRA of the zoning necessary to develop the project; (4) the City did not extend the zoning Overlay to cover that portion of the KOZ property originally belonging to the City, and selectively imposed the 65' height restriction only on WRA's half of the KOZ, making it possible for the City to sell its tax-exempt KOZ site for "untold millions of dollars."  For the purposes of surviving a 12(b)(6) motion, WRA makes a sufficient showing that it is entitled to relief for the purposes of pleading its cause of action.  See Phillips, 515 F.3d at 234.

## IV.    CONCLUSION

In light of the foregoing, defendants' motion is denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMR D.N. CORP. AND : | |
| MARINA TOWERS LTD. T/A : | |
| WATERFRONT RENAISSANCE : | |
| ASSOCIATES LLP, : | CIVIL ACTION |
|    Plaintiff : | |
| : | |
| v. : | NO. 07-1045 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|    Defendants : | |

**O R D E R**

**STENGEL, J.**

     **AND NOW**, this            day of August, 2008, upon consideration of defendants' Supplemental Brief in Support of Motion to Dismiss Counts Three, Four and Eight (Document #64), it is hereby **ORDERED** that the motion is **DENIED**.

                                        BY THE COURT:

                                          /s/ Lawrence F. Stengel
                                        LAWRENCE F. STENGEL, J.