# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMR D.N. CORP. AND MARINA TOWERS LTD. t/a WATERFRONT RENAISSANCE ASSOCIATE,<br>Plaintiff | : <br> : CIVIL ACTION <br> : <br> : <br> : |
| v. | : NO. 07-1045 <br> : |
| CITY OF PHILADELPHIA, et al.,<br>Defendants | : <br> : |

## MEMORANDUM OPINION

**Stengel, J.**                                                                                                     **March 10, 2011**

Waterfront Renaissance Associates LLP filed a complaint challenging a height restriction contained in a 2006 City of Philadelphia ordinance. On March 17, 2010, the City enacted an ordinance removing the height restriction from property within the Central Delaware Riverfront Overlay District, which included Waterfront Renaissance's property. Waterfront Renaissance and the City of Philadelphia have filed briefs regarding whether Waterfront Renaissance's challenges to the March 2006 ordinance are moot.

For the reasons set forth below, I find Waterfront Renaissance's facial constitutional challenges to be moot.

## I.    Background

In February 2007, Waterfront Renaissance commenced this action in state court. It was removed to this Court on March 15, 2007. The complaint challenged a March 2006 ordinance that extended a 65 foot height restriction to the area north of Old City, which included property owned by Waterfront Renaissance. Waterfront Renaissance amended

its complaint twice.

On March 17, 2010, the Philadelphia City Council passed new legislation amending the description of the "Central Delaware Riverfront Overlay District."[1] The Central Delaware Riverfront Overlay District is defined as the area between I-95 and the Delaware River from Oregon Avenue to Allegheny Avenue. This includes Waterfront Renaissance's property.

The March 17, 2010 amendment removed the height restriction challenged by Waterfront Renaissance. The amendment provides:

> (12) Height Regulations. Except for parcels of land zoned residential or C-2 commercial, no height regulations shall apply to any parcel within the boundaries of this District, including but not limited to the provisions of § 14-1610 ("Old City Residential Area Special District Controls").[2]

Subsection 14 of the ordinance which created the Central Delaware Riverfront Overlay District states "the provisions of this Section shall expire upon Council's adoption of an Ordinance enacting land use and zoning controls that includes the boundaries of this District consistent with a Master Plan adopted by the Philadelphia City Planning Commission."[3]

---

[1] On August 17, 2009, Mayor Michael Nutter signed into law a bill establishing the Central Delaware Riverfront Overlay District.

[2] Phila., Pa., Ordinance, Bill No. 100014 (March 17, 2010), available at http://legislation.phila.gov/attachments/9940.pdf (last visited Jan. 18, 2011).

[3] Phila., Pa., The Philadelphia Code § 14-1638(13) (2010), available at http://www.amlegal.com/nxt/gateway.dll/Pennsylvania/philadelphia_pa/thephiladelphiacode?f=te mplates$fn=default.htm$3.0$vid=amlegal:philadelphia_pa (last visited Jan. 12, 2011).

The claims against the City remaining after this Court's ruling on two earlier motions to dismiss are: (1) declaratory judgment that Waterfront Renaissance's property is not subject to the Old City overlay (Count I); (2) estoppel to prevent the enforcement of the overlay extension against Waterfront Renaissance (Count III); (3) detrimental reliance on the City's representations of support (Count IV); (4) declaratory judgment that the overlay violated equal protection (Count VI); (5) monetary damages for the violation of substantive due process and equal protection (Count VII); (6) unjust enrichment (Count VIII); and (7) violation of due process because the height restriction was included for the purpose of empowering the civic associations (Count XV). Second Amended Complaint, CMR D.N. Corp. and Marina Towers Ltd. v. City of Philadelphia, No. 07-1045 (E.D. Pa. filed May 4, 2009).[4] The City alleges the constitutional claims are moot, but does not challenge the state law claims.[5]

---

[4] Waterfront Renaissance's Second Amended Complaint continues to include dismissed counts II, V, X, XI, XII, XIII, and XIV. These counts were dismissed in memorandum opinions and orders dated March 31, 2008 and August 15, 2008. The amended complaint altered a paragraph in Count X, see Order, CMR D.N. Corp. and Marina Towers Ltd. v. City of Philadelphia, No. 07-1045 (E.D. Pa. filed Jun 23, 2008), which later was dismissed. The second amended complaint added Count XV. The amendments did not alter the dismissed counts.

On June 29, 2010, Waterfront Renaissance filed a motion for leave to supplement its complaint. This motion to supplement its complaint has been granted in part and denied in part in a separate memorandum opinion and order. Its motion to supplement its complaint with count XVI, raising constitutional challenges to the Central Delaware Riverfront Overlay District and plan of development regulations, was granted. Its motion to supplement count III and count IV with challenges to the Central Delaware Riverfront Overlay District and plan of development regulations also was granted.

[5] Count IX alleges a breach of contract claim against the Old City Civic Association and Rivers Edge Civic Association. The Civic Associations' motion for summary judgment regarding this claim has been granted.

**II.    Discussion**

Waterfront Renaissance's second amended complaint alleged facial constitutional challenges to the March 2006 ordinance.

"Article III of the Constitution limits the federal judicial power to 'Cases' or 'Controversies.'" Khodara Env't, Inc. v. Blakey, 376 F.3d 187, 193 (3d Cir. 2004) (quoting United Food and Commercial Workers Union Local 751 v. Brown Grp., Inc., 517 U.S. 544, 551 (1996)). "If a claim no longer presents a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it." Nextel W. Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002). "This requirement must be met 'through all stages of federal judicial proceedings, trial and appellate.'" Id. (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

**A.    The Height Restriction was Repealed by the City**

A claim is not moot if it is "capable of repetition yet evading review." N.J. Tpk. Auth. v. Jersey Cent. Power and Light, 772 F.2d 25, 31 (3d Cir. 1985) (citing Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976)). "The 'capable of repetition yet evading review' exception is triggered where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." Id. (citing Murphy v. Hunt, 455 U.S. 478, 482 (1982)). Courts must "determine whether there is a 'demonstrated probability' or a

'reasonable expectation,' as distinct from a 'mere physical or theoretical possibility,' that the conduct of which [the plaintiff] complains will recur." N.J. Tpk. Auth., 772 F.2d at 33 (quoting Murphy, 455 U.S. at 482). "'Capable of repetition' is not a synonym for 'mere speculation;' it is a substantive term on which the moving party must provide a reasonable quantity of proof–perhaps even by the preponderance of the evidence." Id. "[T]he capable-of-repetition doctrine applies only in exceptional situations." City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (citing DeFunis v. Odegaard, 416 U.S. 312, 319 (1974)). "[S]tatutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the law suit is dismissed." Rendell v. Rumsfeld, 484 F.3d 236, 242 (3d Cir. 2007) (quoting Khodara Env'l, Inc., 237 F.3d at 194).

Waterfront Renaissance alleges the height restriction has been "temporarily suspended, not repealed."[6] It alleges the amendment removing the height restriction from the Central Delaware Riverfront Overlay District "is designed to expire 'upon Council's adoption of an Ordinance enacting land use and zoning controls that includes the boundaries of this District consistent with a Master Plan adopted by the Philadelphia City Planning Commission.'" See Plaintiff's Brief at 11. Waterfront Renaissance alleges there is a "reasonable likelihood that the 65 [foot] height restriction will take effect again before [Waterfront Renaissance's] project can be completed."

---

[6] Plaintiff's Brief Regarding Mootness at 11, CMR D.N. Corp. and Marina Towers Ltd. t/a Waterfront Renaissance Assoc., No. 07-1045 (E.D. Pa. filed May 7, 2010).

The new ordinance may allow the height restriction to return when a new ordinance is adopted.[7] Waterfront Renaissance, however, has not established the new controls will not remove the height restriction, especially because it claimed the original extension of the height restriction by the March 2006 ordinance was a mistake. In addition, if the controls do not address the height restriction, and it again applies to Waterfront Renaissance's property, Waterfront Renaissance would be able to return to court and challenge the restriction. The dispute would not evade review. See Merle v. United States, 351 F.3d 92, 95 (3d Cir. 2003) (a challenge to the constitutionality of the prohibition against federal employees seeking elective office in partisan elections was not moot because "the duration of a campaign for the House of Representatives necessarily cannot exceed two years" and, therefore, "the life expectancy of Merle's claim is too short to be litigated fully prior to cessation or expiration").

### B. **Waterfront Renaissance's Claim for Money Damages in Connection with Its Facial Constitutional Challenge is Moot**

Waterfront Renaissance argues that, even if the claim for injunctive relief based on

---

[7] The ordinance creating the Central Delaware Riverfront Overlay District states the "section . . . shall expire upon Council's adoption of an Ordinance enacting land use and zoning controls that includes the boundaries of this district." The Philadelphia Code § 14-1638(14). The ordinance was amended to add that "no height restriction shall apply to any parcel within the boundaries of this district." Id. at § 14-1638(12). The March 2006 ordinance, extending the Old City Overlay and its height restriction, is still active. Under the wording of the ordinances, the terms of the March 2006 ordinance will apply to the property when the Council adopts a new ordinance. Therefore, when City Council adopts new land use and zoning controls for the Central Delaware Riverfront Overlay District, the March 2006 ordinance, and its height restriction, will apply to Waterfront Renaissance's property unless the new ordinance states no height restriction applies to the Central Delaware Riverfront Overlay District.

6

the height restriction is moot, its claim for money damages[8] is not moot.

When "a regulation is challenged as invalid on its face, 'if an amendment removes those features . . . being challenged by the claim, any claim for injunctive relief becomes moot as to those features.'" Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253, 260 (3d Cir. 2007) (quoting Nextel W. Corp. v. Unity Twp., 282 F.3d 257, 262 (3d Cir. 2002)). A claim for money damages may survive even if a claim for injunctive relief has become moot. See Lighthouse Inst. for Evangelism, Inc., 510 F.3d at 272 (remanding plaintiff's facial challenges to the district court for a determination of compensatory damages for the time between when plaintiff applied for a permit and when the ordinance was amended).

In Lighthouse Institute for Evangelism, Inc., the plaintiff church applied for, and was denied, a zoning permit to use the property as a church. 510 F.3d at 257. The church did not appeal. The ordinance was amended. The church then filed a plan, as required

---

[8] Count VII of Waterfront Renaissance's second amended complaint alleges "Monetary damages – Violation of Substantive Due Process and Equal Protection." It alleges it "suffered and continues to sustain monetary damages including, but not limited to, the millions of dollars it has expended on pre-construction design, engineering, legal fees and other development costs, diminution of the value of the [property], and loss of future profits." Second Amended Complaint at ¶ 210. It demanded judgment in its favor and against the City for damages in excess of fifty thousand dollars.

In its motion to supplement its complaint, Waterfront Renaissance seeks leave to amend its prayers for relief for count I and count 15 to include "damages, interest, costs, and attorney fees." Count I currently requests a declaratory judgment that the March 2006 ordinance is invalid and unenforceable and that Waterfront Renaissance's property is not subject to the ordinance. Count XV demands "relief decreeing the Overlay Extension invalid and permanently enjoining the City . . . from enforcing the Overlay Extension . . . ."

under the amended ordinance.  Its plan was denied and it appealed the decision to deny approval.  The plaintiff challenged the original and amended ordinances.  The court found the original ordinance violated the Religious Land Use and Institutionalized Persons Act, but found the amended ordinance did not violate RLUIPA.  The United States Court of Appeals for the Third Circuit remanded the case to the district court "to enter summary judgment for [the plaintiff] and to determine compensatory damages for the period between [the plaintiff's] application for a waiver as a church and the enactment of the [amended ordinance]."  Lighthouse Inst. for Evangelism, Inc., 510 F.3d at 272.  The Third Circuit found the plaintiff's facial constitutional claims not moot even though the unconstitutional ordinance later was amended.  The Third Circuit permitted the recovery of damages only from when the plaintiff applied for a permit to when the amended ordinance was enacted.

Other courts are split on whether a claim for money damages for a facial constitutional challenge is moot where the statute is amended.  Compare Lockridge v. City of Oldsmar, Fla., 475 F. Supp. 2d 1240, 1253 (M.D. Fla. 2007) (noting plaintiff brought facial and as-applied challenges and finding the "[c]laims for monetary damages associated with a challenged law are not mooted by repeal or amendment of the law" and reasoning "[m]oney damages stemming from the application of an unconstitutional law may provide a plaintiff with meaningful relief"); with Chapin Furniture Outlet Inc. v. Town of Chapin, 252 Fed. Appx. 566, 567-71 (4th Cir. 2007) (noting plaintiff had an

8

electronic sign which allegedly violated an ordinance but plaintiff did not remove the sign and the town took no action to enforce the ordinance, and finding that, after the ordinance was amended, plaintiff's claim for injunctive relief was moot and plaintiff's claim of nominal damages was moot because "the Ordinance was never enforced against it and it has not suffered any constitutional deprivation"). Courts, however, have allowed damages claims to survive only when the ordinance was applied in some way against the plaintiff. See Brandywine, Inc. v. City of Richmond, 359 F.3d 830, 833, 836 (6th Cir. 2004) (stating the city amended an ordinance after a bookstore had been closed for violating it and finding the claim for money damages not moot because "an award of monetary damages would compensate plaintiffs for the loss of the opportunity to engage in protected expression caused by the enforcement of the zoning scheme"); Petra Presbyterian Church v .Village of Northbrook, 409 F. Supp. 2d 1001, 1003-05 (N.D. Ill. 2006) (noting plaintiffs withdrew their application for re-zoning prior to a final ruling and the city obtained a preliminary injunction preventing plaintiffs from conducting services and finding "[e]ven though a plaintiff's attempt to enjoin the enforcement of an out-of-date zoning code is moot, the plaintiff may nevertheless be entitled to recover damages suffered during the time the code was enforced in violation of the constitution"); Lockridge, 475 F. Supp. 2d at 1253 (finding claim for money damages not moot where the city repealed the challenged ordinance after plaintiff's application had been denied and he brought facial and as-applied challenges).

It may be possible for a plaintiff to be harmed by the mere enactment of a statute. See, e.g., Daskalea v. Washington Human Soc'y, et al., 710 F. Supp. 2d 32, 43 (D.D.C. 2010) (noting "a plaintiff may arguably be injured by the mere enactment of a facially unconstitutional statute – for example, where a plaintiff alleges that enactment of a statute by itself has effected a taking of property or has violated the First Amendment"). Damages have been awarded, however, only where the ordinance was enforced. Daskalea, 710 F. Supp. 2d at 43 (finding plaintiffs did not state a viable claim for damages in connection with the facial challenge and noting plaintiffs alleged they suffered damages when their pets were seized, and that these damages stemmed from the application of the statute); Vaughn v. St. Helena Parish Police Jury, 261 F. Supp. 2d 553, 558-559 (M.D. La. 2001) (noting defendant need not "worry about compensatory damages, since it never enforced the ordinance . . . [and] the Court dismissed the [plaintiff's] claims for compensatory damages in the same ruling that granted the preliminary injunction").

In Tanner Advertising Group., LLC v. Fayette County, GA, 451 F.3d 777, 786 (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit noted "[a]part from the denial of its sign permits . . . , [the plaintiff] did not complain in the district court that the enforcement of the . . . [o]rdinance has caused it any harm." It stated the plaintiff was not entitled to damages for his facial constitutional challenge because the provision had not yet harmed him. Tanner Adver. Grp., 451 F.3d at 786.

10

The Eleventh Circuit noted "damages must always be designed 'to compensate injuries caused by the [constitutional] deprivation.'" Tanner Adver. Grp., 451 F.3d at 786 (quoting Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 309 (1986)). It also noted "facial challenges regarding prospective harm . . . cannot give rise to the remedy of damages." Id. (quoting Memphis Cmty. Sch. Dist., 477 U.S. at 310).

In Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005), the plaintiff challenged an ordinance which regulated the use of signs in public rights-of-ways and banned use based on content. The City amended the ordinance, mooting the plaintiff's prospective claims. Brazos Valley Coal. for Life, Inc., 421 F.3d at 320. The Fifth Circuit agreed with the district court, which found the plaintiffs' damages claim meritless. It noted the "record contains no evidence that any of [the plaintiffs] (or their members) were ever cited, arrested, or subjected to actual or threatened physical force." Id.

Waterfront Renaissance's claims for damages in connection with its facial constitutional challenges are moot. The height restriction contained in the March 2006 ordinance is no longer in effect. Waterfront Renaissance never applied for a zoning permit or variance, and the height restriction never was enforced as to its project.

Regardless of the mootness issue, the claims fail because Waterfront Renaissance does not state a claim for damages. To establish damages, a plaintiff must prove actual damages caused by a constitutional violation. "[T]he basic purpose of a § 1983 damages

11

award should be to compensate persons for injuries caused by the deprivation of constitutional rights." Farrar v. Hobby, 506 U.S. 103, 112 (1992) (quoting Carey v. Piphus, 435 U.S. 247, 254 (1978)).[9] Compensatory damages cannot be awarded "in a § 1983 suit absent proof of actual injury." Id. (citing Carey, 435 U.S. at 254).

In Angino v. VanWagner, 2009 WL 2859041, at *25 (M.D. Pa. Sept. 3, 2009), the United States District Court for the Middle District of Pennsylvania found the "steep slopes" provision of the zoning code unconstitutional. The court noted the plaintiffs had not been denied a permit because of the steep slope provision[10] and the plaintiffs had not challenged the validity of the provision until after an amendment cured any constitutional errors. Angino, 2009 WL 2859041, at *14. The plaintiffs failed to prove the steep slope provision caused actual damages and their damages are speculative. Id., at *15. The court stated "[p]laintiffs are no different from any of the other citizens of Middle Paxton Township who may own land that was subject to the steep slope provisions but who never had a plan rejected as a result or who never challenged the ordinance's validity." Id., at

---

[9] See Loesel v. City of Frankenmuth, 2010 WL 374167, at * 3-4 (E.D. Mich. Jan 25, 2010) (noting defendant did "not provide any legal authority to support the conclusion that [p]laintiffs cannot recover money damages" and stating "it would seem that as long as [p]laintiff can establish the necessary causal connection, [p]laintiffs can recover money damages"); Villas at Parkside Partners v. City of Farmers Branch, 2007 WL 4322147, at *3 (N.D. Tex. Dec. 11, 2007) (finding plaintiffs failed to establish a causal link between the deprivation of a constitutional right and an injury because the ordinance never went into effect and was not enforced, plaintiffs were not harmed by the ordinance, and plaintiffs did not suffer any constitutional deprivation).

[10] The plaintiffs' plan was denied because it failed to comport with other, constitutional, zoning provisions. The plaintiffs' plans always complied with the steep slope provision.

12

*15. The court dismissed the plaintiffs' due process claim based on the steep slope ordinance because the plaintiffs failed to prove "actual damages ha[d] been caused based on denial of a plan that did not comply with the steep slope ordinance." Id.

Similarly, in Chapin Furniture Outlet, after finding the plaintiffs' claim for damages moot, the Fourth Circuit stated, "[m]oreover, the fact that [the plaintiff] could have suffered some constitutional deprivation if the Town had enforced the Ordinance does not save its claim for nominal damages–such damages are reserved for constitutional deprivations that have occurred, not those that are merely speculative." 252 Fed. Appx. at 571. In DA Mortgage Inc. v. City of Miami, 486 F.3d 1254 (11th Cir. 2007), the Court of Appeals for the Eleventh Circuit noted the plaintiff based its damages claim on the threat that "the City might prosecute it for violations of the County noise ordinance." Id. at 1260. The court noted a claim for prospective damages could not be brought under § 1983. Id.

Waterfront Renaissance fails to state a claim for damages in connection with its facial constitutional challenges to the March 2006 ordinance. Waterfront Renaissance alleges it was harmed because the height restriction prevented it from securing financing for its multi-phased project, and the proper zoning no longer was guaranteed. Because Waterfront Renaissance never applied for a permit or a variance, whether the height restriction would have been enforced is speculative. In addition, the amount of damages that would have resulted from any violation is speculative. Waterfront Renaissance

13

cannot connect any alleged damages to a constitutional deprivation.[11]

### C. The Seventy Foot Width Restriction Cannot Save Waterfront Renaissance's Claims

Waterfront Renaissance's constitutional challenges have been limited to concerns over the March 2006 ordinance's height restriction. Waterfront Renaissance claims, for the first time in four years, that it challenges not only the March 2006 ordinance's height restriction, but also its width restriction. The March 2006 ordinance was enacted five years ago, and Waterfront Renaissance filed its initial complaint four years ago. Waterfront Renaissance filed numerous documents, including two amended complaints, responses to two motions to dismiss, at least three filings addressing mootness, and two filings addressing its motion to supplement its complaint.

On August 26, 2010, Waterfront Renaissance filed a motion for leave to file a supplemental memorandum opposing the City's suggestion that Waterfront Renaissance's

---

[11] Waterfront Renaissance also argues its claims are not moot because it suffers the same fundamental harm under the amended ordinance. A claim is moot if an amendment "removes those features in the statute being challenged by the claim" or "if the amendment provides sufficient relief to the plaintiff." Nextel W. Corp., 282 F.3d at 262. "[A]n amendment does not moot the claim if the updated statute differs only insignificantly from the original." Id. It is not moot if "the 'gravamen of petitioner's complaint' remains because, although the new ordinance 'may disadvantage [plaintiffs] to a lesser degree than the old one,' still 'it disadvantages them in the same fundamental way.'" Id. Waterfront Renaissance's motion to supplement its complaint with challenges to the new ordinance has been granted, and its claims for damages in connection with its facial challenge to the March 2006 ordinance are moot and fail to state a claim. Because challenges to the new ordinance survive and its damages claims based on the 2006 ordinance are moot and fail to state a claim, I need not address whether Waterfront Renaissance suffers the same fundamental harm under the amended ordinance.

constitutional claims are moot.[12] In this supplemental memorandum Waterfront Renaissance claims that the March 2006 ordinance included a "70 [foot] building width limit which remains in place and continues to prevent the construction of [Waterfront Renaissance's] World Trade Center project as of right."[13] Waterfront Renaissance did not mention the width restriction in its many prior filings or discussions over the long history of this case. This case has always been about the height restriction and its impact on Waterfront Renaissance's proposed World Trade Center.[14]

The width restriction was not challenged in Waterfront Renaissance's complaint or amended complaints and was not discussed in the numerous filings in this case. Waterfront Renaissance cannot now maintain its complaint sought to enjoin the March 2006 ordinance in its entirety, including the 70 foot width restriction. The March 2006 ordinance's width restriction does not save Waterfront Renaissance's facial constitutional challenges to the March 2006 ordinance's height restriction from mootness.

---

[12] Plaintiff's Motion for Leave to File a Supplemental Memorandum Opposing the City's Suggestion that WRA's Constitutional Claims are Moot, CMR D.N. Corp. and Marina Towers Ltd. v. City of Phila., No. 07-1045 (E.D. Pa. filed Aug. 26, 2010)

[13] Plaintiff's Supplemental Memorandum Opposing the City's Suggestion that Waterfront Renaissance's Constitutional Claims are Moot at 1, CMR D.N. Corp. and Marina Towers Ltd. v. City of Phila., No. 07-1045 (E.D. Pa. filed Sept. 16, 2010).

[14] Waterfront Renaissance's supplement to its motion for leave to supplement its complaint seeks to clarify that the complaint challenged the 75 foot width restriction. See Plaintiff's Supplement to its Motion for Leave to Supplement Complaint at 1. To the extent the motion sought to add references to the width restriction, it will be denied in a separate memorandum opinion and order.

**III.     Conclusion**

Waterfront Renaissance raised facial challenges to the March 2006 ordinance and its height restriction. A March 2010 amendment removed the height restriction from properties within the Central Delaware Riverfront Overlay District, which included Waterfront Renaissance's property. Waterfront Renaissance's claims for injunctive relief are moot. Its claims for damages and declaratory relief are moot because Waterfront Renaissance did not apply for a zoning permit or variance from the height restriction contained in the March 2006 ordinance. The ordinance was not applied to it or enforced against Waterfront Renaissance's World Trade Center project.

An appropriate order follows.